IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LEE ANN PRATHER, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUN LIFE FINANCIAL DISTRIBUTORS, INC., ) <br> ) <br>    Defendant. ) | Case No. 14-3273 |

OPINION

RICHARD MILLS, United States District Judge:

There are two motions.

One is for Plaintiff's attorney's fees and costs.

The other is for prejudgment interest.

## I. ATTORNEY'S FEES AND COSTS

This action was brought pursuant to the Employee Retirement Income Security Act (ERISA) seeking benefits due under the terms of an employee benefit plan. *See* 29 U.S.C. § 1132(A)(1)(b). Following the Mandate of the United States Court of Appeals for the Seventh Circuit, the Court entered Judgment in favor of Plaintiff Lee Ann Prather for the full amount of benefits sought.

(A)

Under ERISA, courts have the discretion to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A party must show "some degree of success on the merits" before claiming an attorney's fee award under § 1132(g)(1). *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). As previously noted, the Plaintiff ultimately achieved complete success on the merits of the lawsuit. The Seventh Circuit stated "[t]hat makes it an easy case for us to exercise discretion favorably to her," in awarding reasonable attorney's fees and costs on appeal. *See Prather v. Sun Life and Health Insurance Co.*, 852 F.3d 697, 2017 WL 1173697, at *1 (7th Cir. Mar. 30, 2017).

Another test the Seventh Circuit has used in considering an award of attorney's fees and costs involves an examination of the following factors: "1) the degree of the offending parties' culpability; 2) the degree of the ability of the offending parties to satisfy an award of attorneys' fees; 3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions." *Temme v. Bemis Co.*, 762 F.3d 544, 547 (7th Cir. 2014). In examining these factors when considering whether to award attorney's fees and costs on appeal, the

Seventh Circuit noted it had no information regarding the amount of benefit conferred on members of the pension plan. *See Prather*, 852 F.3d 697, at *2. However, the other four factors favored the Plaintiff. Because "[t]he score is 4 to 0 in favor of the plaintiff," the Seventh Circuit stated that "[f]ee-shifting under ERISA is entirely appropriate" in a case like this–when the insurance company denied her claim "without medical evidence and then put her through all the hoops of litigation." *See id*.

Based on the foregoing, four of the five factors favor the Plaintiff and the other factor favors either the Defendant or is simply inapplicable. Under either standard–the Plaintiff's complete success on the merits or the five-factor test–the Plaintiff is entitled to an award of reasonable attorney's fees and costs.

The Defendant correctly notes that this Court initially found in its favor. It contends, therefore, that its denial of the Plaintiff's claim cannot be held to be unjustified. Based on its defenses and this Court's previous findings, the Defendant alleges it is not culpable. Given that this Court is bound by the rulings of the Seventh Circuit, this Court's earlier ruling is no longer good law and cannot be used by the Defendant to justify its position. The Seventh Circuit previously stated, "Sun Life failed to make any plausible showing that the surgery on Prather's ankle, rather than the accident that necessitated the surgery, caused his

death." *Prather v. Sun Life and Health Insurance Co.*, 843 F.3d 733, 735-36 (7th Cir. 2016). That is now the law of the case. Accordingly, the Court finds that the Plaintiff is entitled to an award of attorney's fees and costs.

(B)

Attached to the Plaintiff's Motion are the itemized time sheets of counsel. The Plaintiff alleges the amount of time listed was reasonably required to prosecute the district court proceeding and consult regarding the appeal and remand. The Plaintiff seeks attorney's fees in the total amount of $37,919.50 for the services of Attorney Gregory P. Sgro, Legal Intern and Associate Attorney Benjamin M. Sgro and Attorney Ellen C. Bruce of the law firm of Sgro, Hanrahan, Durr, Rabin & Bruce, LLP, and reimbursable costs of $460.00.

The Defendant contends that, even assuming the Plaintiff is entitled to an award of attorney's fees, the amounts requested are "clearly excessive." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Defendant alleges that Plaintiff's attorneys' fee petition charges for rates as if counsel are experts in the field. However, they "spend staggering amounts of time on the completion of simple tasks, the research of rudimentary and

ultimately unsuccessful issues" and the filing of motions that should not have been filed. *See* Doc. No. 40, at 11. The Defendant contends that, based on the level of experience of Plaintiff's counsel, they should not have spent as much time on those relatively simple or straightforward tasks.

At the time legal services were rendered in this case, Attorney Gregory P. Sgro had been admitted to the State of Illinois Bar for nearly 30 years. Given his level of experience, the Court concludes that Mr. Sgro's hourly rate of $345.00 per hour is reasonable. Attorney Ellen C. Bruce had been admitted for nearly ten years. The Court finds Ms. Bruce's hourly rate of $250.00 to be reasonable.

The Court agrees with the Defendant that Benjamin M. Sgro's hourly rate for services performed as a legal intern should be lower than the rate he charged while working as an associate attorney. Mr. Sgro was admitted to the State of Illinois Bar in 2015 and worked on this case as both a legal intern and an associate. The time sheets show that Mr. Sgro was compensated at $175.00 per hour in both capacities. The Court finds the $175.00 amount to be reasonable when Mr. Sgro was providing services as an associate attorney. However, Mr. Sgro should be compensated at a lower rate when acting as a legal intern. The Court finds that $125.00 per hour is an appropriate amount for services provided by Mr. Sgro as a legal intern.

(C)

The Defendant states that Plaintiff appears to have included fees for services rendered during the administrative review of the Plaintiff's claim. A number of courts have held that fees for those services are not recoverable. *See Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004) ("We join the Second, Fourth, Sixth, and Ninth Circuits in holding that the term "any action" in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings," and reversing the portion of the fee award attributable to such proceedings); *see also Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.2d 313, 317 (9th Cir. 1993); *Anderson v. Proctor & Gamble Co.*, 220 F.3d 449, 452 (6th Cir. 2000). The Defendant contends that only time spent drafting the actual complaint should be found to be compensable.

The Court agrees that pre-litigation fees should not be compensable under ERISA, except for fees incurred based on a reasonable amount of time investigating and/or researching the allegations and drafting of the complaint. The Plaintiff's complaint was filed on September 2, 2014. Attorney Gregory P. Sgro has billed for services starting on February 10, 2014. There are approximately 30 itemized services listed between February 10, 2014 and September 2, 2014, amounting to 11.1 hours of service prior to the filing of the complaint. The listings

include correspondence, telephone conferences, ERISA research and working on the complaint. The Court believes that, under the circumstances of this case, 5 hours would be a reasonable amount of time to perform the compensable services associated with the complaint. Accordingly, the Court will reduce Mr. Sgro's claimed amount of 51.5 hours by 6.1 hours, resulting in 45.4 hours.

Attorney Benjamin M. Sgro began working on the case as a legal intern on August 19, 2014, or approximately two weeks before the complaint was filed. He claims 6.1 hours of work prior to September 2, 2014. These hours include researching and preparing a draft of the complaint, in addition to other tasks. The Court will reduce Mr. Sgro's fee request by 2.1 hours to properly account for the amount of time he researched or worked on the complaint. Mr. Sgro will be compensated for performing 4 hours of pre-litigation work as a legal intern.

Benjamin Sgro claimed 60.5 hours of work as a legal intern. That figure is reduced by 2.1 hours for a total of 58.4 hours at $125.00, resulting in a total of $7,300.00 for Mr. Sgro's work as a legal intern.

Attorney Ellen C. Bruce lists 2.7 hours of pre-litigation work, most of which relates to preparing the complaint in some manner. Ms. Bruce's time claim will be reduced by .2 hours for a total of 2.5 hours of pre-litigation work, thereby reducing the total hours claimed from 22.3 to 22.1.

The Defendant further alleges that the total number of hours expended on this case (157.2) was disproportionate to the Plaintiff's attorneys' claimed level of experience, resulting in redundancy and an excessive amount of hours claimed. Moreover, the Defendant contends that work was duplicated and the case was overstaffed.

Obviously, it is difficult at the conclusion of a case for a court to determine how much work was necessary for counsel to perform in order to obtain a favorable result. In considering the amount of appellate attorney's fees to allow, the Seventh Circuit reduced the Plaintiff's appellate counsel's fee amount based on the hours listed as follows:

> It remains to consider Sun Life's challenge to the amount of the award of attorneys' fees ($37,170). We are persuaded by its argument that 3.6 hours of the attorney's work should be subtracted because they were hours devoted to simple administrative tasks such as preparing the table of contents and appendix of the brief, and formatting the brief; 4.4 hours incurred by failing to delegate portions of the research, drafting, and editing of the brief to a more junior attorney; and 2 hours for preparation for oral argument, which was too much time given the lawyer's experience in arguing in the courts of appeals. The result of these adjustments is to reduce the number of hours on which the $37,170 fee award is based from 59 to 49, yielding (with a further adjustment, reducing the attorney's billing rate from $630 to $620, on the ground that the $630 rate reflected an excessive rate increase of 5 percent from his hourly rate of $600 in 2015) a total fee award of $30,380—which is the amount we award the plaintiff.

*Prather*, 852 F.3d 697, at *2. Some of the hours claimed by counsel for work in this Court will be subtracted for similar reasons.

The Court has carefully reviewed the itemized statements of the three attorneys who worked on this case for the Plaintiff. A number of hours claimed by counsel are for tasks such as telephone or in-person conferences, correspondence and e-mail exchanges. Some of that work appears to have been duplicative and unnecessary. To account for those possibilities, the Court will further subtract 6 hours of services performed by Attorney Gregory P. Sgro, 2 hours of services performed by Attorney Benjamin M. Sgro and 2 hours of services prepared by Attorney Ellen C. Bruce.

Following these adjustments, the Court finds that Gregory P. Sgro should be compensated for 39.4 hours of work. Based on 39.4 hours of work at $345.00 per hour, the Court concludes that Mr. Sgro is entitled to $13,593.00 in attorney's fees, rather than the $17,767.50 claimed.

The Court finds that Attorney Benjamin M. Sgro should be compensated for 20.9 hours of work performed as an associate attorney. At $175.00 per hour, that results in attorney's fees of $3,657.50 for Mr. Sgro, instead of the $4,007.50 claimed.

The Court finds that Attorney Ellen C. Bruce should be compensated for 20.1 hours. At $250.00 per hour, that results in attorney's fees of $5,025.00, instead of the $5,575.00 claimed.

The amount of fees claimed by the law firm was $37,919.50. Upon reviewing the itemized list of services, for the reasons stated herein, the Court finds that Sgro, Hanrahan, Durr, Rabin & Bruce, LLP, is entitled to $29,575.50 in fees for work performed on this case.

## II. PRE-JUDGMENT INTEREST

The Plaintiff also seeks an award of pre-judgment interest. Prejudgment interest "is simply an ingredient of full compensation that corrects judgments for the time value of money." *Pickett v. Sheridan Health Care Center*, 813 F.3d 640, 646 (7th Cir. 2016). "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately." *American Nat. Fire Ins. Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924, 935 (7th Cir. 2003). Therefore, prejudgment interest generally accrues from the date of the loss or from the date on which the claim accrued. *See id*.

The Plaintiff requested pre-judgment interest in her complaint and amended complaint and repeated her request in her motion for summary judgment. The Plaintiff also requested an award of pre-judgment interest in her appellate brief.

The Defendant notes that the Seventh Circuit did not order pre-judgment interest in its opinion mandating that the Court reverse its judgment. However, "[t]he decision to award prejudgment interest lies within the discretion of the district court." *Pickett*, 813 F.3d at 647. Following the Seventh Circuit's mandate, this Court did not order that prejudgment interest be included in the amended judgment.

The amended judgment in this case was entered on January 6, 2017. The Plaintiff did not file her motion for prejudgment interest until March 6, 2017. The Defendant contends that Plaintiff's motion is untimely under Federal Rule of Civil Procedure 59(e), which requires a motion to alter or amend judgment to be filed no later than 28 days after the entry of judgment. To the extent the motion is untimely under Rule 59(e), the Court can consider the motion under Rule 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").

The Court notes that Plaintiff has consistently requested pre-judgment interest throughout this litigation. When this Court entered the amended judgment, it did so two days after the Seventh Circuit's mandate reversing the previous judgment and directing the entry of judgment in favor of the Plaintiff. The parties

did not file briefs requesting any particular relief. Although the Plaintiff should have filed the motion sooner, the Court concludes that the failure to do so was excusable under these circumstances.

The Plaintiff alleges that, because she has become both a widow and a single mother of the Decedent's two young children and, as a result of the incident giving rise to this claim, an award of prejudgment interest would help compensate her for the time she was forced to make ends meet without payment of the policy benefits eventually awarded by the Court.

The Defendant asserts that several factors weigh against an award of prejudgment interest. These include: (1) the Plaintiff's delay in providing requested evidence during the claim review–the Defendant did not receive the Plaintiff's request for benefits until October 16, 2013 (Mr. Prather died on August 6, 2013) and requested medical evidence on December 10, 2013 and January 6, 2014; and (2) the Court's initial judgment in Sun Life's favor on March 29, 2016. The Defendant contends that allowing prejudgment interest from the date of Mr. Prather's death would be inequitable based on the relative merits of the Defendant's position. Additionally, the Defendant did not have all of the relevant evidence until January 2014, when it denied the Plaintiff's claim based on the autopsy and medical records.

Although the Court initially found in its favor, the Defendant can no longer rely on that result in support of its argument. As the Seventh Circuit observed, "Even though she had a meritorious claim, the insurance company denied it without medical evidence and then put her through all the hoops of litigation." *Prather*, 852 F.3d 697, 2017 WL 1173697, at *2. The Seventh Circuit found that to be an appropriate reason to award attorney's fees and costs. It is also a factor in this Court's determination that Plaintiff is entitled to prejudgment interest.

Upon considering the evidence in the record and the parties' arguments, the Court concludes that an award of pre-judgment interest is appropriate in order to place the Plaintiff in the position she would have been in if the Defendant would have allowed the claim when it had access to all of the medical evidence. Because the Defendant had access to this information in January 2014, the Court concludes that an award of prejudgment interest from January 2014 to the entry of judgment in favor of the Plaintiff in January 2017 is appropriate.

Compound interest is the norm in federal litigation when prejudgment interest is authorized. *See Premium Plus Partners, L.P. v. Goldman Sachs & Co.*, 648 F.3d 533, 538 (7th Cir. 2011). The Court finds that monthly compounding is appropriate and the Court agrees with the Plaintiff that the Federal Prime Rate of 3.75% should be used to calculate the sum of interest due. Based on the Court's

calculation, compound interest on $92,000 at a rate of 3.75% over 3 years results in $10,936.59 in interest due by the Defendant.

Ergo, the Plaintiff's Motion for Attorney's Fees and Costs [d/e 37] is ALLOWED.

The Defendant shall pay the Plaintiff's attorney's fees in the amount of $29,575.50, as provided in this Order.

Pursuant to the Bill of Costs [d/e 37-2], the Clerk will tax costs in the amount of $460.00.

The Plaintiff's Motion for Prejudgment Interest [d/e 42] is ALLOWED in part, as provided in this Order.

The Defendant shall pay prejudgment interest in the amount of $10,936.59.

The Clerk shall amend the Judgment accordingly.

ENTER: April 27, 2017

    FOR THE COURT:

         */s/ Richard Mills*
         Richard Mills
         United States District Judge